IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Cedric Allen Smith
_____

**PLAINTIFF(S)**

VS.

RICHARD ALLEN, et al,
**DEFENDANT(S)**

2007 FEB 16  A 9: 37

CIVIL ACTION NO: 2:07 -CV-98 MEF

## AMENDMENT TO COMPLAINT

The plaintiff Cedric Allen Smith 155500 , has filed with this court,
a civil action complaint pursuant to 42 usc 1983 pretaining to the
denial of good time credits based soley on the length of their sen-
tence.  The plaintiff also submitted the following issues for review.
The plaintiff Cedric Allen Smith , avers that, the Alabam Correct-
ional Incentives (CIT) time act (§14-9-41) subsection (e) code of
alabama, acts 80-446 violates the administrative procedures, violates
state constitutional requirements for passage of legislation and
Federal protection and 'due process' guaranteed in the way that it
has and still being administered by selective implentation through
the Department of Correction (DOC) classification and administrative
department.

Acts 80-446, violates Article 4, 61, of Alabama Constitution (1901)
because, an amendment to the pre-existing act, changed the original
purpose of the act.

Acts 80-446, on its face, violates the "equal protection" guarantees of the fourth amendment, article 4, each law shall contain one subject, which shall be clearly expressed in its title.

The plaintiff(s) are categorically denied goodtime by the department of corrections which is in violation of the legislature intent.

The plaintiff(s) are being denied goodtime soley on the length of their sentence, and not the seriousness of their offense.

The plaintiff(s) are classified under a behavior system that affords goodtime credits.

The plaintiff(s) has been classified at onetime or another as a class 1,2, or 3, prisoner, but has been catergorically denied goodtime incentives thats afforded by that class:

§14-9-41 reads:

(a) Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgement or sentence upon any conviction, in the penitentiary or hard labor for the county or in any municipal jail for a definite or indeterminate term, other than life, whose record of conduct shows that he has faithfully observed the rules for a period of time specified by this article may be entitled to earn a deduction from the term of his sentence as follows:

(1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each 30 days actually served while the prisoner is a Class II prisoner.

(3) Twenty days for each 30 days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is a Class IV prisoner.

(b) Within 90 days after May 19, 1980, the Commissioner of the Department of Corrections shall establish and publish in appropriate directives certain criteria not in conflict with this article for Class I, II, III, and IV prisoner classifications. Such classifications shall encompass consideration of the prisoner's behavior, discipline, and work practices and job responsibilities.

(c)(1)  Class I is set aside for those prisoners who are considered trustworthy in every respect and who, by virtue of their work habits, conduct and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who could work without constant supervision by security officer.

(2)  Class II is that catergory of prisoners whose job will be under the supervision of a correctional employee at all times.  Any inmate shall remain in this classification for a minimum period of six months before being eligible for Class I.

(3)  Class III is for prisoners with special assignments.  They may not receive any of the privileges of Class I and Class II inmates. Any inmate shall remain in this classification for a minimum period of three months before being eligible for Class II.

(4)  Class IV is for prisoners not yet classified and for those who are able to work and refuse, or who commit disciplinary infractions of such a nature which do not warrant a higher classification, or inmates who do not abide by the rules of the institution.  Inmates who are classified in this earning class receive no correctional incentive time.  This class is generally referred to as "flat time" or "day for day".  Any inmate shall remain in this classification for a minimum of 30 days before being eligible for Class III.


**Subsection (e) reads:**

(e)  Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the county jail at hard labor or in any municipal jail.  No person may be placed in Class I, if he or she has been convicted of assault where the victims of such assault suffered the permanent loss or use or permanent partial loss or use of any bodily organ or appendage. No person may be placed in Class I if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.

**80-446 reads:**

Alabama correctional Incentive time act prohibited habitual offenders

from receving any deductions from their sentence.


The 1991 amendment to this act by the Commissioner of the department

of corrections, allowed habitual offenders to receive good time credits

and reductions from their sentence against the legislative intent.

This amendment violated equal protection of the law when inmates who

were similiar situated, was not afforded incentive good time credits

based soley on the length of their sentence.

The plaintiff submits the following to comply with this court order:

### CEDRIC SMITH # 155509

The plaintiff, Cedric Allen Smith # 155509, was convicted for the offense of Theft of Property 1st degree.

On september 18, 1993, plaintiff Cedric Allen Smith, was sentenced to a term of twenty (20) years imprisonment.

The plaintiff request this honorable court to order the defendants to enforce § 14-9-41, code of alabama, which will grant to him retroactive good time when he was classified as a Class I, II, III and IV prisoner. The plaintiff has been to work release and honor camps. The plaintiff request retroactive Incentive good time under the 1991 amendment and prior amendment pursuant to §14-9-41

Plaintiff further seeks declaratory judgment against the defendant(s) to determine whether the defendant(s) are violating his constitution rights pursuant to §14-9-41, when the defendants amended subsection (e), thereby conflicting with clear legislative intent.

Plaintiff also seeks from this honorable court, an injunction to prevent the defendant(s) from further violation of his constitutional rights, as the plaintiff avers that, there is no plain, adequate, and complete remedy at law that the plaintiff can file to prevent this constant deprivation of plaintiff constitutional rights.

Plaintiff avers that, subsection (e) has deprived him of (CIT) soley because plaintiff was sentenced to over 15 years in prison. Plaintiff avers that, this was not legislature intent when §14-9-41 was written.

Plaintiff avers that, defendant(s) has categorized him with the group of prisoners the legislature intended not to be afforded this time

reduction based on the seriousness of their offense, and their

repeated criminal history.  Plaintiff avers that, he is an non

violent offender, and failure to correct this injustice, will be

a miscarriage of justice.


*Cedric Allen Smith*

CEDRIC ALLEN SMITH # 155509


...there is a common question of law and facts affecting the rights

of the plaintiff...Did the defendant(s) make an ex post facto law

by the implementation of §14-9-41 subsection (e), because, it denied

prisoners who were entitled to some class of reduction from their

sentences to arbitrarily be denied good time against legislative in-

tent without any penologicial reason, but based soley on the length

of their sentence, thereby, literally causing a prisoner to serve

more time allowed by law ?

CONCLUSION

Administrative agency charged with enforcing an act are entitled to "great weight" 'favorable; however, this rule of construction is to be laid aside where it seems reasonbly certain that the administrator's interpretation has been erroneous and that a different construction is required by the language of the statute. The "color of law" Inquiry centers on whether a person who is affiliated with a state goverment or its political subdivision has used his position to deprive another of his constitutional rights. "The nature of the act performed, not clothing of the actor or even the status of the party; The defendants actions encompasses "misuse of power" possessed by virtue of state law which could be categorized as to "MODERN DAY SLAVERY", made possible only because the wrongdoer is clothed with the authority of state law; The Alabama Department of Corrections has implemented a system that breeds 'sexual offenders' who are habitual sexual preditors and pedo-philes by granting to them goodtime credits and reduction from sentence regardless if they are in that class or not. The constitutionally of the implentation of 14-9-41 acts 80-446 by the legislature was in still being unequivocally violated by the defedants. The delegation of authority by the commissioner is so sweeping,discrimi-tive, and vague that the Federal goverment should order a investigation or take preliminary control to adequate review these constitutional violations in absence of the legislative thats non-existent. There is no clear determination by the legislature that authorized the commissio-ner by the department of corrections when implentmenting subsection(e) without any penological, and specified legislative need. The commissio-ner is pursuing the unlawful acts in disregard of the public welfare, and caused a 'Mockery of Justice' and the plaintiffs and the public has received a injuriously affect by it. State action, whether through an agency or another, shall be consistent with fundemental principles of liberty and justice which lie at the base of our civil and political institutions, the plaintiffs ask this court to take jurisdiction because the state statute providing the creation and operation of 14-9-41 is being implentmented selective and arbitrary by the department of correc-tions in violation of the plaintiffs fourteenth amendment to the united states constitution. A person is bound rightly to construe a statute; mistaken view of the law is no defense.



$ 00.39⁰
02 1A    FEB 14 2007
0004309410
MAILED FROM ZIPCODE 36502

MOBILE AL POSTAGE
UNITED STATES

Cedric Allen Smith #155509
Fountain 3800
Atmore, Alabama 36503

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

LEGAL

36101+0711