IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC SMITH,
    **Plaintiff,**

    **\* CIVIL ACTION NO.: 2:07-CV-98-MEF**

VS.

HONORABLE RICHARD
FRANK ALLEN, Commissioner,
et al.,
    **Defendant.**

    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*

## PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND/OR IN THE ALTERNATIVE APPLICATION FOR A PRELIMINARY INJUNCTION

**COMES NOW,** Cedric Allan Smith, the Plaintiff, pro se, pursuant to

the Federal Rules Of Court-Federal Rules Of Civil Procedure (A. R. Cr. P.),

Rule 65, does hereby move and request, for this Honorable Court to issue a

Temporary Restraining Order and/or in the alternative a Preliminary Injunction,

for claim(s), ground(s) and/or issue(s), for reason(s) hereby stated, as follows:

## I.
### The Plaintiff Is Entitled To A Temporary Restraining Order And/Or Restraining Order.

#### A.

#### Whether The Plaintiff Is Threatened With Irreparable Harm

As a matter of law, the continuing deprivation of any constitutional right constitutes irreparable harm. **Elrod v. Burns,** 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle has been applied in prison litigation generally, see **Newsom v. Norris**, 888 F.2d 371, 378 (6th Cir. 1989); **Mitchell v. Cuomo**, 748 F.2d 804, 808 (2nd Cir. 1984); **Albro v. County Of Onondaga, N.Y.**, 627 F.Supp. 1280, 1287 (N.D.N.Y. 1986); **Williams v. Lane**, 646 F.Supp. 1379, 1409, (N.D.Ill. 1986), aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct. 879 (1989).

#### B.

#### Whether The Balance Of Hardships Favors The Plaintiff

The Plaintiff, hereby argues that, the Court's denial of granting this Temporary Restraining Order and/or in the alternative Preliminary Injunction will allow the State Of Alabama to continue to enforce a constitutional act under an unlawful and/or otherwise unconstitutional codification and application of the **Alabama Correctional Incentive Time Deductions Act**, as defined, pursuant to the **Code Of Alabama**, 1975, as amended, Title 14-9-41, in which was codified into statutory language, as codified, goes completely against,

the exclusive intent of the Lawmakers, for the State Of Alabama, as currently

being applied, by the Alabama Department Of Corrections.

The Plaintiff, hereby asserts that, the grant of this Temporary Restraining

Order and/or in the alternative Preliminary Injunction will immediately cease

fire to the unconstitutional treatment of the Plaintiff that weighs heavily in favor

of the Plaintiff, against, any financial burdens, in which the state may claim.

treatment, as being received, the Plaintiff.

In deciding, whether to grant TRO's and Preliminary Injunction(s),

the question, in which has been mandated is whether the suffering of the moving

parties, if the application is denied will outweigh the suffering of the non-moving

party, if the application is granted.  The dangers posed by violations of the

United States Constitution outweighed the State's Financial and administrative

concerns **Mitchell v. Cuomo**, 748 F.2d 804, 808 (2nd Cir. 1984).

## C.
### Whether The Plaintiff Is Likely To Succeed On the Merit(s)

In Hilsabeck v. State 477 so 2d 465 (Ala. Cr. App. 1984), the court held that because the state "has an interest in closely supervising and controlling the parole or early release of serious offenders," there was a rational basis for "treat[ing] persons sentenced to ten years or longer... differently [from] those sentenced to lesser terms." 477 So. 2d at 471. See also Thornton v. Hunt, 852 F. 2d 526, 527 (11th Cir. 1988) (wherein the court held that denial of good time to prisoners sentenced to more than ten years "[wa]s rationally related to the legitimate purpose of preventing the early release of serious offenders").

"The minimum sentence for a Class A felony is 10 years, Alabama Code 1975, § 13A-5-6. Class A felons... are... ineligible for good time because the legislature obviously deemed the nature of their offense too serious to merit the benefits of good time sentence reduction. It is reasonable to assume that the legislature also concluded that anyone who received a sentence in the Class A felony range would also not merit beneficial treatment."

But...in Brooks v. State, 622 So. 2d 447 (Ala. Cr. App. 1993), the legislature created an Equal Protection violation when they raise the eligibility criteria for incentive goodtime from 10 years to 15 years after they clearly stated that " prisoners with 10 years or over were to serious to merit beneficial treatment, and prisoners sentenced in the Class A felony range (10 years or more) were also too serious to merit beneficial treatment. So, when the legislature raised this eligibilty from 10 years to 15 years, to avoid an Equal Protection violation, this incentive should have went for everyone who had over 15 years because they were in fact similiar situated.

Plaintiff(s) asserts that he is bound to suceed on the merit(s) of his complaint, and the denial of a Temporary Restraing oder and/or Preliminary Injunction will further this miscarrige of justice and continue the deprivation of plaintiff(s) constitutional rights thats secured under the United States Constitution.

### D.
### Whether The Relief Sought Will Serve The Public Interest.

The Plaintiff, avers that in this case, the grant of relief will serve the public interest because it is always in the public interest, for a State, as intended, by legislature·to adopt, enact, enforce and promulgate law(s), in which are constitutional, pursuant to the **Alabama Constitution, 1901**, along with the **United States Constitution**, where, such law(s) are to provide safety to its citizens, the State Of Alabama, at Large, thereof.  (Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest."); see **Llewelyn v. Oakland County Prosecutor's Office**, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975) (the United States Constitution is the ultimate expression of the interest of the public).

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED,** the Plaintiff, pro se, hereby prays, for this Honorable Court to grant the Temporary Restraining  Order and/or in the alternative Preliminary Injunctive Relief, as filed, pursuant to the Federal Rules Of Court-Federal Rule (Fed. R. Civ. P.), Rule 65, along with any and all other equitable, in which is thereby deemed appropriate, proper and necessary, by this Court.

Respectfully Submitted,

Cedric Allen Smith

Cedric Smith,
**Plaintiff, pro se,**

## CERTIFICATE OF SERVICE

I do hereby certify that on this ___9ᵀʰ___ day of April, 2007,  I have served a

copy of the foregoing **Plaintiff's Application For Temporary Restraining**

**Order And/Or In The Alternative An Application For Preliminary Order,**

by placing an exact copy of same within the Internal Inmate Mailing System,

at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama

36503-3800 (United States Mail), postage pre-paid First-Class and properly

addressed, as hereby, follows:

Honorable Troy King
Attorney General
State Of Alabama
Assistant Attorney General
11 South Union Street
Montgomery, Alabama  36130

Honorable Charles R. Niven
United States (U.S.) Attorney General
Middle District Of Alabama,
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable Richard Frank Allen
Alabama Department Of Corrections (A.D.O.C.)
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501
                    Respectfully Submitted,


*Cedric Allen Smith*
Mr. Cedric Allan Smith, #155509,
G.K. Fountain Correctional Center
Fountain 3800
Atmore, Alabama  36503-3800

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC SMITH,                          *
      Plaintiff,                    *
                               *
                               * CIVIL ACTION NO.:  2:07-CV-98-MEF
VS.                                    *
                               *
                               *
HONORABLE RICHARD                      *
FRANK ALLEN, Commissioner,             *
et al.,                                *
      Defendant.                    *

## ORDER TO SHOW CAUSE
## AND TEMPORARY RESTRAINING ORDER
## AND/OR IN THE ALTERNATIVE
## PRELIMINARY INJUNCTION

Upon the supproting Affidavit of the Plaintiff and the accompanying

memorandum of law, it is

**ORDERED** that _____

_____

show cause in room _____ of the United States Courthouse, For The Middle

District Of Alabama, Northern Division, at 15 Lee Street, Montgomery, Alabama

36104, on the _____ day of _____, 2007, at _____O'Clock (___:___),

as to why a Preliminary Injunction should not issue, pursuant to Rule 65, Federal

Rules Of Civil Procedure (Fed. R. Civ. P.), enjoining the said defendant(s),

as listed and named within this said instant said cause of action, their successors

in office, agent(s) and employee(s) and all other person(s) acting in concern and participation with them.

     **IT IS FURTHER ORDERED** that effective immediately, and pending the hearing and determination of this written **ORDER TO SHOW CAUSE** that the Honorable Troy King, Attorney General, for the State Of Alabama, shall under the authority of his official duty to issue a written directive withdrawing **sub-section (e),** as written and codified within the written content(s) of the **Code Of Alabama**, 1975, as amended, Title §14-9-41, in which will immediately cease a travesty of a state created danger, as created, by Law Makers, (Legislature), for the State Of Alabama, in which has harmed individual(s) and rendered the citizen(s) of this state more vulnerable to that danger, under law created and enforced under the Great Seal of the State Of Alabama, at Large.

**IT IS FURTHER ORDERED** that this written **ORDER TO SHOW CAUSE**, and all other papers attached with this application, shall be served on all Defendant(s), as listed and named within this instant said cause of action, on this _____ day of _____, 2007, and the United States Marshals Service directed to effectuate such service.

**DONE ON THIS _____ DAY OF APRIL, 2007.**

_____
**HONORABLE  MARK E. FULLER**
**UNITED STATES DISTRICT COURT JUDGE**
**MIDDLE DISTRICT OF ALABAMA**


CC:    Honorable Charles R. Niven, United States (U.S.) Attorney General, Middle District Of Alabama,

   Honorable Troy King, Attorney General, State Of Alabama,

   Honorable Kim Tobias Thomas, Assistant General Counsel State Of Alabama,

   Honorable Richard Frank Allen, Commissioner, State Of Alabama Department Of Corrections (A.D.O.C.)



CERTIFIED MAIL™

7006 0100 0003 8971 1681

RETURN RECEIPT REQUESTED

Cedric Allen Smith 155509
Fountain 3800
Atmore, Al 36503



```
                        ALABAMA DEPARTMENT OF CORRECTIONS          INST:    002
CBR716-3                 INMATE SUMMARY AS OF 04/12/2005          CODE: CORVK
```

EXHIBIT "A"

AIS: 00226888S   INMATE: KING, SCOTT CHARLES              RACE: W  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER      DORM: 00  JAIL CR: 000Y 03M 29D

DOB: 03/25/1977  SSN: 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

ALIAS: KING, CHARLES SCOTT                 ALIAS: KING, SCOTT C

ADM DT: 04/29/2003 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC     STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-2   CURRENT CUST DT: 03/04/2004   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

███████████████████████████    CURRENT CLASS DATE:   06/02/2004
███████████████████████████

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|---|---|---|---|---|---|---|
| LAUDERDALE | 09/15/03 | N02000414 | POSS MARIJUANA I | | # 0115D | 002Y 00M 00D CS |
| | ATTORNEY FEES : $001010 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000256 | | FINES : $0000000 | RESTITUTION : $0001310 | | |
| LAUDERDALE | 12/02/03 | N03000287 ████ | | | 0119D | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000339 | | FINES : $0000000 | RESTITUTION : $0000050 | | |
| LAUDERDALE | 12/02/03 | N03000456 | BURGLARY III | | 0118D | 010Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| 0██Y 00M 00D | 04/11/2008 | 002Y 09M 25D | 000Y 00M 00D | 09/02/2018 |

INMATE LITERAL:
❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING 6
❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀❀

DISCIPLINARY/CITATION SUMMARY

    >> CITATION: 03/24/2005                      CUST FROM MED2 TO MED2
                                                 AT INST: 002   RULE NUMBER: 54

D-4    B-097.

```
                    ALABAMA DEPARTMENT OF CORRECTIONS              INST:   002
CHR716-3            INMATE SUMMARY AS OF 01/27/2006                CODE: CRPND
```

********************************************************************************

AIS: 00208774S   INMATE: PACKER, SHERMAN                    RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER    DORM: 20   JAIL CR: 000Y 05M 26D

DOB: 04/01/1978  SSN: 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                    PREVIOUS AIS: P0131773

ADM DT: 12/22/1999 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR    STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-6   CURRENT CUST DT: 06/10/2003  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

**SERVING UNDER ACT446 LAW IN CLASS II         CURRENT CLASS DATE:   12/22/1999
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED**

```
COUNTY     SENT DT  CASE NO  CRIME                      JL-CR    TERM
BALDWIN    12/22/99 N95001667 SEXUAL ABUSE I           # 04210 010Y 00M 000 CS
           ATTORNEY FEES : $000380    HABITUAL OFFENDER : N
           COURT COSTS  : $0000190   FINES : $0001000   RESTITUTION : $0000386
BALDWIN    12/22/99 N95001568 SEXUAL ABUSE I            01760 010Y 00M 000 CC
           COURT COSTS  : $0000175   FINES : $0001000   RESTITUTION : $0000418
```

```
 TOTAL TERM      MIN REL DT      GOOD TIME BAL     GOOD TIME REV    LONG DATE
010Y 00M 000     03/03/2006      003Y 02M 05D      004Y 11M 11D     06/25/2009
```

INMATE LITERAL:
********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
********************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
********************************************************************************

DISCIPLINARY/CITATION SUMMARY

 >> DISCIPLINE: 08/31/2005  TIME LOST: 003Y00M00D   CUST FROM MED6 TO MED6
    DISCIPLINE TYPE: MAJOR               AT INST: 037    RULE NUMBER: 50
    RETAINED DAYS: 0000   SEQ #: 26   RULE LIT: BEING IN AN UNAUTHORIZED AREA

    >> CITATION: 08/29/2005                     CUST FROM MED6 TO MED6
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 037    RULE NUMBER: 59
       RETAINED DAYS: 0000    SEQ #: 26   RULE LIT: VIOLATION OF INSTIT. RULE OR REG
```

```
CBR716-3              ALABAMA DEPARTMENT OF CORRECTIONS           INST:   002
                        INMATE SUMMARY AS OF 09/11/2006           CODE: CRSUM
```

*****************************************************************************

AIS: 00230742S    INMATE: HOWELL, JAQUES                   RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER     DORM:  DO  JAIL CR: 001Y 00M 02D

DOB: 05/10/1976  SSN: 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

ALIAS: HOWELL, JACQUES

ADM DT: 08/18/2003 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC     STAT: SPLIT SENTENCE - REVOKED

CURRENT CUST: MED-2   CURRENT CUST DT: 06/02/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I          CURRENT CLASS DATE:   04/14/2006
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

```
COUNTY      SENT DT  CASE NO  CRIME
JEFFERSON   04/14/06 N02003425 ASSAULT II             JL-CR      TERM
            COURT COSTS  : $0000000                   0367D 01OY 00M 00D CS
                                    FINES : $0000000   RESTITUTION : $0005466
JEFFERSON   08/21/06 N05000028 SEXUAL ABUSE I          0002D 002Y 00M 00D CC
                            5YRS PROBATION
            ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y
            COURT COSTS   : $0000322   FINES : $0000000   RESTITUTION : $0000100
```

```
 TOTAL TERM      MIN REL DT     GOOD TIME BAL     GOOD TIME REV
 01OY 00M 00D    11/09/2008     001Y 00M 08D      000Y 00M 00D     LONG DATE
                                                                  04/11/2015
```

INMATE LITERAL: 6MTH CRIME BILL
*****************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*****************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE HAS NO ESCAPES FROM AODC SINCE OBSCIS RECORDING B
*****************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

```
CBR716-3              ALABAMA DEPARTMENT OF CORRECTIONS        INST:  001
                      INMATE SUMMARY AS OF 08/10/2005          CODE: CDRVK
```

AIS: C0186593    INMATE: DIXON, CARL OLIVER              RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER    DORM: 00  JAIL CR: 000Y 05M 00D

DOB: 11/03/1974  SSN: 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                    PREVIOUS AIS: P0112944

ADM DT: 06/13/1996 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-2   CURRENT CUST DT: 04/27/2005  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

**SERVING UNDER ACT446 LAW IN CLASS I**        CURRENT CLASS DATE:  06/29/2001
**INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED**

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|--------|---------|---------|-------|--|-------|------|
| MOBILE | 02/21/01 | N96001327 | POSS CONTROL SUBSTANCE COCAINE | | # 1174D | 010Y 00M 00D CS |
| MOBILE | 02/21/01 | N96001328 | POSS CONTROL SUBSTANCE COCAINE | | # 1174D | 010Y 00M 00D CC |
| MOBILE | 02/21/01 | N96002201 | COURT COSTS : $0000072  FINES : $0000000 | RESTITUTION : $0000000 COCAINE | # 1174D | 0000 CC |
| MOBILE | 02/21/01 | N96002202 | COURT COSTS : $0000072  FINES : $0000000 | RESTITUTION : $0000000 | # 1174D | 0000 CC |
| MOBILE | 06/29/01 | N01001554 | COURT COSTS : $0000170  FINES : $0000000  RCV STOLEN PROPERTY | RESTITUTION : $0000000 | 0150D | 0000 CC |
| | | | ATTORNEY FEES : $000000  HABITUAL OFFENDER | | | |
| | | | COURT COSTS : $0000323  FINES : $0000000  RESTITUTION : $0000152 | | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|------------|---------------|---------------|-----------|
| | 12/12/2005 | 009Y 03M 13D | 001Y 00M 00D | 01/28/2016 |

INMATE LITERAL:

DETAINER WARRANTS SUMMARY

>DET WRT 07/28/2004 TYPE COUNTY WARRANT
    LITERAL: PROMOTING PRISON CONTRA          BALDWIN COUNTY S.O.
    OFFENSE: 000  - UNKNOWN                   SEQ #: 01    CASE #: GJ04040061

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

```
03R710-3                    ALABAMA DEPARTMENT OF CORRECTIONS           INST:   002
                            INMATE SUMMARY AS OF 12/06/2006             CODE: DDRVX

**************************************************************************************

AIS: 00219811A   INMATE: HARRISON, TERRANCE DEMON           RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER     DORM:  00   JAIL CR:  00Y 00M 00D

DOB: 03/09/1983  SSN: 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

ALIAS: HARRISON, T DEMON                    ALIAS: HARRISON, TERRENCE

ALIAS: HARRISON, TERRENCE D

ADM DT: 09/09/2004 DEAD TIME: 00DY 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR     STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-4    CURRENT CUST DT: 06/07/2005  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS III         CURRENT CLASS DATE:   10/29/2006
INMATE IS EARNING : EARNS 20 DAYS FOR EACH 30 SERVED

COUNTY        SENT DT  CASE NO  CRIME
BUTLER        09/09/04 N02000181 RECV STOLEN PROPERTY II       JL-CR      TERM
              ATTORNEY FEES : $000832     HABITUAL OFFENDER : Y  * 0186D 005Y 00M 00D CS
              COURT COSTS  : $0000308     FINES : $0000000    RESTITUTION : $0000100
BUTLER        11/01/04 V04000144 ROBBERY II                        0052D 003Y 00M 00D CC
              ATTORNEY FEES : $000481     HABITUAL OFFENDER : N
              COURT COSTS  : $0000292     FINES : $0000500    RESTITUTION : $0000100
WILCOX        09/29/06 N05000028 ATTEMPT ASSAULT I                 0000D 010Y 00M 00D CC
              ATTORNEY FEES : $000000     HABITUAL OFFENDER : Y
              COURT COSTS  : $0000329     FINES : $0000000    RESTITUTION : $0000050

 TOTAL TERM        MIN REL DT      GOOD TIME BAL      GOOD TIME REV      LONG DATE
010Y 00M 00D       12/16/2009      000Y 00M 26D       000Y 00M 00D       09/28/2016

INMATE LITERAL: CC W/CC01-158 N/R & ALL FEDERAL CASES
**************************************************************************************

DETAINER WARRANTS SUMMARY

> DET WRT 05/22/2006 TYPE FEDERAL WARRANT              UNITED STATES MARSHAL SERVICE
     LITERAL: 240MO CS/CARJAC&USE FA VIO CRI           SEQ #: 03    CASE #: CR05-231
     OFFENSE: 000  - UNKNOWN

> DET WRT 05/31/2006 TYPE COUNTY WARRANT               WILCOX COUNTY S.O.
     LITERAL: DISCHARGE GUN 000 BLDG                   SEQ #: 02    CASE #: CC05-28
     OFFENSE: 101A - BURGLARY I
**************************************************************************************
```

```
C82716-3                    ALABAMA DEPARTMENT OF CORRECTIONS          INST:   002
                            INMATE SUMMARY AS OF 06/10/2005            CODE: CDFNK
```

**EXHIBIT**

AIS: 00186693    INMATE: DIXON, CARL OLIVER              RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER    DORM: 00  JAIL CR: 000Y 05M 00D

DOB: 11/01/1974  SSN: 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                       PREVIOUS AIS: P0112944

ADM DT: 06/13/1996  DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC     STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-2   CURRENT CUST DT: 04/27/2005  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I           CURRENT CLASS DATE:   06/29/2001
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|--------|---------|---------|-------|--|-------|------|
| MOBILE | 02/21/01 | N96001327 | POSS CONTROL SUBSTANCE COCAINE | | # 1174D | 010Y 00M 00D CS |
| MOBILE | 02/21/01 | N96001328 | POSS CONTROL SUBSTANCE COCAINE | | # 1174D | 010Y 00M 00D CC |
| | COURT COSTS : $0000072 | FINES : $0000000 | | RESTITUTION : $0000000 | | |
| MOBILE | 02/21/01 | N96002201 | ▓▓▓▓▓▓ COCAINE | | # 1174D | 015Y 00M 00D CC |
| | COURT COSTS : $0000072 | FINES : $0000000 | | RESTITUTION : $0000000 | | |
| MOBILE | 02/21/01 | N96002202 | ▓▓▓▓▓▓ | | # 1174D | 015Y 00M 00D CC |
| | COURT COSTS : $0000170 | FINES : $0000000 | | RESTITUTION : $0000000 | | |
| MOBILE | 06/29/01 | N01001554 | REC STOLEN PROPERTY 1 HABITUAL OFFENDER : Y | | 0150D | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | | | | |
| | COURT COSTS : $0000323 | FINES : $0000000 | | RESTITUTION : $0000152 | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|------------|---------------|---------------|-----------|
| 015Y 00M 00D | 12/12/2005 | 009Y 03M 13D | 001Y 00M 00D | 01/28/2016 |

INMATE LITERAL:

DETAINER WARRANTS SUMMARY

> DET WRT 07/28/2004 TYPE COUNTY WARRANT
    LITERAL: PROMOTING PRISON CONTRA          BALDWIN COUNTY S.O.
    OFFENSE: 000  - UNKNOWN                   SEQ #: 01    CASE #: GJ04040061

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

CBR716-3                    ALABAMA DEPARTMENT OF CORRECTIONS
                          INMATE SUMMARY AS OF 09/11/2006              INST:   002
                                                                      CODE: CRSUM

*********************************************************************************

AIS: 00230742S   INMATE: HOWELL, JAQUES
                                                         RACE: B  SEX: M
INST: 002 - FOUNTAIN CORRECTIONAL CENTER      DORM:  OO  JAIL CR: 001Y OOM O2D

DOB: 05/10/1976  SSN: 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

ALIAS: HOWELL, JACQUES

ADM DT: 08/18/2003 DEAD TIME: OOOY OOM OOD

ADM TYP: NEW COMMITMENT - SPLIT SENTENC       STAT: SPLIT SENTENCE-- REVOKED
CURRENT CUST: MED-2   CURRENT CUST DT: 06/02/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED    CURRENT CLASS DATE:  04/14/2006

COUNTY       SENT DT  CASE NO  CRIME
JEFFERSON    04/14/06 NO2003425 ASSAULT II           JL-CR    TERM
             COURT COSTS  : $0000000    FINES : $0000000    0367D 010Y OOM OOD CS
JEFFERSON    08/21/06 NO600002B SEXUAL ABUSE I     RESTITUTION : $0005466
                     5YRS PROBATION                0002D 002Y OOM OOD CC
             ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y
             COURT COSTS   : $0000322   FINES : $0000000   RESTITUTION : $0000100

TOTAL TERM       MIN REL DT      GOOD TIME BAL     GOOD TIME REV
010Y OOM OOD     11/09/2008      001Y OOM 08D      OOOY OOM OOD      LONG DATE
                                                                    04/11/2015
INMATE LITERAL: 6MTH CRIME BILL
*********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*********************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
*********************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

```
CBR716-3                ALABAMA DEPARTMENT OF CORRECTIONS              INST:   002
                        INMATE SUMMARY AS OF 03/16/2005              CODE: CRSUM
```

EXHIBIT

*****************************************************************************

AIS: 00236080    INMATE: CARTHEN, YOLANDA                 RACE: B  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER    DORM:  00   JAIL CR: 000Y 04M 27D

DOB: 10/03/1973  SSN: 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

ALIAS: CARTHEN, YOLANDA FED

ALIAS: WATKINS, ORLANDO                      ALIAS: WATKINS, ORLANDO

ADM DT: 07/08/2004 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR    STAT: NEW COMIT FROM CRT W/REV OF PR

CURRENT CUST: MED-2   CURRENT CUST DT: 10/28/2004   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

**SERVING UNDER ACT446 LAW IN CLASS I**          CURRENT CLASS DATE:  12/11/2004
**INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED**

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM |
|---|---|---|---|---|---|
| LIMESTONE | 07/08/04 | N01000535 | POSS CONTROL SUBSTANCE REC CONTR SU | 0138D 010Y 00M 00D CS | |
| LIMESTONE | 07/08/04 | N01000881 | CRIM POSS FORGED INSTR II | 0147D 010Y 00M 00D CS | |
| LAUDERDALE | 09/08/04 | N04000283 | POSS CONTROL SUBSTANCE | 0020D 015Y 00M 00D CC | |

ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y
COURT COSTS   : $0000271   FINES : $0000000   RESTITUTION : $0002210

LAUDERDALE 09/08/04 N04000401                              0020D 015Y 00M 00D CC
ATTORNEY FEES : $000000
COURT COSTS   : $0000271   FINES : $0000000   RESTITUTION : $0002415

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| | 04/04/2010 | 001Y 02M 27D | 000Y 00M 00D | 02/10/2024 |

INMATE LITERAL:
*****************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*****************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE CBSCIS RECORDING B

CERTIE-B
ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 12/17/2004
INST: 002
CODE: CRSUM

**EXHIBIT**

AIS: 00236263    INMATE: MOSLEY, FREDDIE
RACE: B   SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER
DORM: 00   JAIL CR: 000Y 08M 04D

DOB: 12/01/1950   SSN: 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
PREVIOUS AIS: F0051348

ALIAS: MOSLEY, FREDDIE LEE
ALIAS: MOSLEY, JAKE

ADM DT: 05/04/2004  DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF
STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-3   CURRENT CUST DT: 09/10/2004   PAROLE REVIEW DATE: JAN 2005

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS II
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED    CURRENT CLASS DATE:   08/04/2004

| COUNTY | SENT DT | CASE NO | CRIME | | | |
|---|---|---|---|---|---|---|
| MONROE | 08/04/04 | N040032.1 | ARSON II | | JL-CR | TERM |
| | ATTORNEY FEES : $000500 | | HABITUAL OFFENDER : X | | 02440 | 015Y 00M 00D CS |
| | COURT COSTS    : $0000259 | FINES : $0000000 | | | RESTITUTION : $0000050 |
| MONROE | 08/04/04 | N040032.2 | ARSON II | | 02440 | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |

TOTAL TERM      MIN REL DT      GOOD TIME BAL         GOOD TIME REV.    LONG DATE
015Y 00M 00D    11/07/2008      000Y 05M 27D          000Y 00M 00D      11/29/2018

INMATE LITERAL:

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

BR716-3
34143

ALABAMA DEPARTMENT OF CORRECTIONS          INST:   235
INMATE SUMMARY AS OF 06/22/2004          CODE: CIADM

********************************************************************************

AIS: 00161671A   INMATE: SNELL, MICHAEL BERNARD          RACE: B  SEX: M

INST: 235 = HOUSTON                    DORM:  00  JAIL CR: 000Y 00M 03D

DOB: 06/26/1967  SSN: 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                PREVIOUS AIS: P0067736

ADM DT: 05/18/2004 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-4   CURRENT CUST DT: 05/18/2004  PAROLE REVIEW DATE: = NONE =

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS III          CURRENT CLASS DATE:   06/18/2004
INMATE IS EARNING = EARNS 20 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT CASE NO  CRIME                    JL-CR    TERM
HOUSTON     05/18/04 N02001694 POSS CONTROL SUBSTANCE      0003D 015Y 00M 00D CS
                              POSS OF COCAINE
            ATTORNEY FEES : $000536   HABITUAL OFFENDER = Y
            COURT COSTS   : $0000335   FINES : $0001500   RESTITUTION : $0002910
HOUSTON     05/18/04 N02001695 POSS CONTROL SUBSTANCE      0003D 015Y 00M 00D CC
                              POSS OF COCAINE
            ATTORNEY FEES : $000522   HABITUAL OFFENDER = Y
            COURT COSTS   : $0000335   FINES : $0001500   RESTITUTION : $0002910

 TOTAL TERM     MIN REL DT      GOOD TIME BAL     GOOD TIME REV     LONG DATE
015Y 00M 00D   01/08/2009     000Y 00M 03D     000Y 00M 00D     05/14/2019

INMATE LITERAL:
********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
********************************************************************************

ESCAPEE-PAROLE SUMMARY

PAROLED FRM  041:12/31/97 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978
********************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

EXHIBIT

DS 1716-3　　　ALABAMA DEPARTMENT OF CORRECTIONS　　　INST:　002
　　　　　　　　INMATE SUMMARY AS OF 01/25/2005　　　　CODE: CBFVK

AIS: 001478006　　INMATE: BURRELL, CALVIN LEE　　　　RACE: B　SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER　　DORM:　00　JAIL CR: 001Y 00M 22D

DOB: 01/28/1968　SSN: 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　　　　　PREVIOUS AIS: R0091616

ALIAS: BLACK, CALVIN　　　　　　　　　ALIAS: BLACK, CALVIN L

ALIAS: BLACK, CALVIN LEE　　　　　　　ALIAS: BURRELL, CALVIN

ALIAS: BURRELL, CALVIN L　　　　　　　ALIAS: BURRELL, KELVIN

ADM DT: 05/02/2001 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF　　　STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-2　 CURRENT CUST DT: 10/18/2004　PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I　　　　CURRENT CLASS DATE:　05/02/2001
INMATE IS EARNING - EARNS 75 DAYS FOR EACH 30 SERVED

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM |
|--------|---------|---------|-------|-------|------|
| TUSCALOOSA | 05/02/01 | N99002088 | POSS CONTROL SUBSTANCE | 0387D | 015Y 00M 00D CS |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | |
| | COURT COSTS : $0000329 | | FINES : $0000000 | RESTITUTION : $0001215 | |
| TUSCALOOSA | 05/02/01 | N99001931 | BURGLARY III | 0387D | 015Y 00M 00D CC |
| | COURT COSTS : $0000417 | | FINES : $0000000 | RESTITUTION : $0000055 | |
| TUSCALOOSA | 05/02/01 | N99002076 | BURGLARY III | 0387D | 015Y 00M 00D CC |
| | COURT COSTS : $0000393 | | FINES : $0000000 | RESTITUTION : $0000055 | |
| TUSCALOOSA | 05/02/01 | N99001760 | BURGLARY III | 0387D | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y O | | |
| | COURT COSTS : $0000337 | | FINES : $0000000 | RESTITUTION : $0000055 | |
| TUSCALOOSA | 05/02/01 | N00001241 | BURGLARY III | 0387D | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y? | | |
| | COURT COSTS : $0000265 | | FINES : $0000000 | RESTITUTION : $0000055 | |
| TUSCALOOSA | 12/03/02 | N01001728 | THEFT OF PROPERTY II | C 0397D | 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : F | | |
| | COURT COSTS : $0000289 | | FINES : $0000000 | RESTITUTION : $0005090 | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|-----------|---------------|---------------|-----------|
| 015Y 00M 00D | 04/25/2005 | 009Y 03M 28D | 000Y 00M 00D | 04/09/2015 |

INMATE LITERAL:

DETAINER WARRANTS SUMMARY

DET WRT 06/18/2004 TYPE NOTIFICATION ONLY　　　TUSCALOOSA COUNTY DA'S OFFICE
　　LITERAL: RESTITUTION RECOVERY UNIT　　　　SEQ #: 02　　CASE #:
　　OFFENSE: 000　- UNKNOWN

```
ERR715-3                    ALABAMA DEPARTMENT OF CORRECTIONS           INST:  002
                            INMATE SUMMARY AS OF 10/18/2004             CODE: CRSJM
```

EXHIBIT

```
#IS: 00212529    INMATE: BAILEY, HENRY                      RACE: B  SEX: M

BASE: 002 - FOUNTAIN CORRECTIONAL CENTER      DORM:  SC   JAIL CR: 001Y 03M 15D

DOB: 02/11/1978   SSN: 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

ELIAS: CLEVELAND, HENRY

ADM DT: 08/21/2000 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC      STAT: ADMINISTRATIVE SEGREGATION

CURRENT CUST: MED-2   CURRENT CUST DT: 09/29/2004  PAROLE REVIEW DATE: DEC 2004

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I          CURRENT CLASS DATE:   05/10/2003
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY     SENT DT  CASE NO  CRIME                    JL-CR      TERM
MONTGOMERY 08/21/00 N99000133 ARSON II               # 0405D 003Y 00M 00D CS
                               4 YRS PROBATION
           ATTORNEY FEES : $000150       HABITUAL OFFENDER : N
           COURT COSTS   : $0000570      FINES : $0000000   RESTITUTION : $0003100
MONTGOMERY 08/21/00 N99000133 ARSON II               # 0405D 003Y 00M 00D CC
                               4 YRS PROB CONSPIRACY TO COMM AR
MONTGOMERY 08/21/00 N99000134 CRIMINAL MISCHIEF I    # 0405D 003Y 00M 00D CC
                               PROBATION UNDETERMINED
           ATTORNEY FEES : $000150       HABITUAL OFFENDER : N
           COURT COSTS   : $0000282      FINES : $0000000   RESTITUTION : $0005150
MONTGOMERY 10/19/00 N00001283 THEFT OF PROPERTY II   0065D 015Y 00M 00D CS
           ATTORNEY FEES : $000150       HABITUAL OFFENDER : Y E
           COURT COSTS   : $0000247      FINES : $0000000   RESTITUTION : $0001350
MONTGOMERY 10/19/00 N00001488 POSS CONTROL SUBSTANCE 0067D 015Y 00M 00D CC
                               REC CONTR SUBS
           ATTORNEY FEES : $000150       HABITUAL OFFENDER : N
           COURT COSTS   : $0000279      FINES : $0000000   RESTITUTION : $0000210

TOTAL TERM    MIN REL DT   GOOD TIME BAL    GOOD TIME REV    LONG DATE
015Y 00M 00D  02/13/2007   004Y 05M 05D     000Y 00M 00D     05/05/2017

INMATE LITERAL: SAP
```

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

```
CIR716-3                ALABAMA DEPARTMENT OF CORRECTIONS              INST:   002
                       INMATE SUMMARY AS OF 06/29/2005                 CODE: CFSUM
```

**EXHIBIT**

```
AIS: 00228913     INMATE: MCCLENDON, LANCE
                                                      RACE: W  SEX: M
INST: 002 - FOUNTAIN CORRECTIONAL CENTER       DORM:  DP  JAIL CR: 000Y 00M 18D
DOB: 10/21/1979  SSN: 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
ALIAS: MCCLENDON, LANCE P
                                     ALIAS: MCCLENDON, P LANCE
ALIAS: MCCLENDON, PHIL
                                     ALIAS: MCCLENDON, PHILLIP L
ADM DT: 10/25/1999 DEAD TIME: 000Y 00M 00D
ADM TYP: NEW COMIT FROM CRT W/REV OF PR      STAT: REMOVED FROM SEGREGATION
CURRENT CUST: MED-2   CURRENT CUST DT: 08/12/2004   PAROLE REVIEW DATE: JAN 2007
SECURITY LEVEL: (4) FOUR
```

**SERVING UNDER ACT446 LAW IN CLASS I**
**INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED**     CURRENT CLASS DATE:   04/22/2003

```
COUNTY       SENT DT   CASE NO   CRIME
DALLAS       04/22/03  V98300478 UNLAW BREAKING AND ENTERIN    JL-CR    TERM
DALLAS       04/22/03  V02000405 RECV STOLEN PROPERTY II       0383D 010Y 00M 00D CS
     ATTORNEY FEES : $000647       HABITUAL OFFENDER : N       0018D 015Y 00M 00D CC
     COURT COSTS   : $0000264       FINES : $0000000
DALLAS       04/22/03  V03000110 RECV STOLEN PROPERTY I        RESTITUTION : $0000620
     COURT COSTS   : $0000248       FINES : $0000000           0018D 015Y 00M 00D CC
ESCAMBIA     06/14/05  V05000087 PROM PRISON CNTRBNG ILL       RESTITUTION : $0000100
                                  5YRS PROBATION                00000 002Y 00M 00D CC
     ATTORNEY FEES : $000350       HABITUAL OFFENDER :  Y
     COURT COSTS   : $0000244       FINES : $0000000           RESTITUTION : $0000050
```

```
TOTAL TERM        MIN REL DT     GOOD TIME BAL      GOOD TIME REV     LONG DATE
015Y 00M 00D      07/29/2007     005Y 05M 18D       000Y 00M 00D      04/03/2015
INMATE LITERAL: SAP
```

```
DETAINER WARRANTS SUMMARY

>DET WRT 02/01/2005 TYPE COUNTY WARRANT
   LITERAL: PROMOTING PRISON CONTRA            ESCAMBIA COUNTY S.O.
   OFFENSE: 000  - UNKNOWN                     SEQ #: 01    CASE #: GJ05-13
```

```
ESCAPEE-PAROLE SUMMARY

   INMATE CURRENTLY HAS NO PAROLE RECORDS
```

```
              ALABAMA DEPARTMENT OF CORRECTIONS              INST:    002
              INMATE SUMMARY AS OF 03/16/2005               CODE: OPSUM
```

EXHIBIT

********************************************************************************

AIS: 00232357    INMATE: SAPP, DELTA LEON                 RACE: B   SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER       DORM:  CC   JAIL CR: 000Y 02M 16D

DOB: 07/25/1980   SSN: 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

ALIAS: DUNN,

ADM DT: 11/12/2003 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF       STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-2   CURRENT CUST DT: 10/20/2004   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

**SERVING UNDER ACT446 LAW IN CLASS I**        CURRENT CLASS DATE:   11/12/2003
**INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED**

```
COUNTY     SENT DT  CASE NO  CRIME
  RUSSELL  11/12/03 NC3000589 BURGLARY III                 JL-CR      TERM
           ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y   0076D 01CY 00M 00D CS
           COURT COSTS   : $0000285    FINES : $0001000   RESTITUTION : $0002800
  RUSSELL  11/12/03 N01000140 UNLAW BREAKING AND ENTERIN * 0395D 005Y 00M 00D CC
           ATTORNEY FEES : $000267    HABITUAL OFFENDER : N
           COURT COSTS   : $0000037    FINES : $0000000   RESTITUTION : $0000000
  RUSSELL  11/12/03 N01000141 RECEIVING A WINES??        * 0395D 005Y 00M 00D CC
           COURT COSTS   : $0000037    FINES : $0000000   RESTITUTION : $0000000

  TOTAL TERM       MIN REL DT     GOOD TIME BAL     GOOD TIME REV    LONG DATE
  010Y 00M 00D     08/29/2006     003Y 04M 10D      000Y 00M 00D     08/25/2013
```

INMATE LITERAL: CC W/CC2001-140 & 141; NOT RECD
********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
********************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
********************************************************************************

DISCIPLINARY/CITATION SUMMARY

 >> DISCIPLINE: 09/23/2004  TIME LOST: 000Y00M00D   CUST FROM MIN2 TO MIN2
    DISCIPLINE TYPE: MAJOR                AT INST: 736    RULE NUMBER: 56

```
CBR 716-3                 ALABAMA DEPARTMENT OF CORRECTIONS          INST:   002
                          INMATE SUMMARY AS OF 08/02/2006            CODE: CRSUM
```

***************************************************************************

```
AIS: 0020434aA    INMATE: WELDON, MICHAEL TIMOTHY          RACE: W  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER     DORM:   00   JAIL CR: 003Y 07M 24D

DOB: 11/17/1965  SSN: 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
                                               PREVIOUS AIS: P0061384

ALIAS: WELDON, MIE                       ALIAS: WELDON, MIKE

ADM DT: 06/09/2006 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF     STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-2   CURRENT CUST DT: 07/20/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I          CURRENT CLASS DATE:   06/09/2006
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED
```

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|--------|---------|---------|-------|--|-------|------|
| LEE | 06/09/06 | N060315.0 | CRIM POSS FORGED INSTR II | | 0127D 015Y 00M 00D CS | |
| | ATTORNEY FEES : $000500 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000242 | | FINES : $0000000 | RESTITUTION : $0001054 | | |
| LEE | 06/09/06 | N060315.1 | THEFT OF PROPERTY II | | 0127D 015Y 00M 00D CC | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000242 | | FINES : $0000000 | RESTITUTION : $0000100 | | |
| LEE | 06/09/06 | N02000117 | THEFT OF PROPERTY I | | 1329D 015Y 00M 00D CS | |
| | ATTORNEY FEES : $000500 | | HABITUAL OFFENDER : N | | | |
| | COURT COSTS : $0000378 | | FINES : $0000000 | RESTITUTION : $0000685 | | |
| LEE | 06/09/06 | N02000119 | THEFT OF PROPERTY I | | 1329D 015Y 00M 00D CC | |
| | COURT COSTS : $0000124 | | FINES : $0000000 | RESTITUTION : $0000075 | | |

```
 TOTAL TERM        MIN REL DT     GOOD TIME BAL    GOOD TIME REV    LONG DATE
0 30Y 00M 00D      12/19/2013     000Y 04M 13D     000Y 00M 00D     10/14/2032

INMATE LITERAL:
```
***************************************************************************

```
DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
```
***************************************************************************

```
ESCAPEE-PAROLE SUMMARY

PAROLED FRM  013:07/02/01 RVK:12/20/01 DELQ:11/13/01 RECAP:10/18/01 RTN:11/13/01

     INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
```
***************************************************************************

```
DISCIPLINARY/CITATION SUMMARY

     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

Tuscaloosa, Northport, West Alabama    Exhibit "B"    Sunday, Febr

WWW.TUSCALOOSANEWS.COM

# ouncil supports change to parole la

**By Jason Morton**
Staff Writer

CALOOSA | In 1981, a Tuscaloosa
ty criminal court sentenced
ey Wayne Kyzer to two consecu-
ife sentences in prison.
d to make sure that was enough to
this triple-murderer behind bars,
ctra 10,000 years was added on.

Alabama's parole law, though, has
circumvented what some say was a
clear intent to imprison Kyzer for the
rest of his life.

This is what's prompted Attorney
General Troy King to try to change
this law. And with a vote on Tuesday,
he could have the full support of the
Tuscaloosa City Council.

Kyzer's 1981 conviction was the

second for the 1976 shooting deaths of
his estranged wife, Emily Dianne
Kyzer, 29, his 54-year-old mother-in-
law, Eunice Barringer and 21-year-old
college student Richard Pyron at a
house on 13th Avenue East. His first
conviction, in 1977, had him destined
for the electric chair.

But when a June 1980 U.S. Supreme
SEE LAW | 14A



Sentenced
two consec
life senten
plus 10,00(
years, Dud
Wayne Kyz
has gone b
the state's
parole boar
eight times.

---

# LAW

CONTINUED FROM PAGE 1A

Court decision ruled
Alabama's death penalty
unconstitutional, Kyzer was
granted a new trial.

And when he was convicted
again, Alabama's death penal-
ty law remained in limbo. So
the judge and jury gave him a
sentence apparently intended
to never let him go free.

Kyzer has gone before the
state's parole board eight
times, and each time a team of
prosecutors, law enforcement
officers and family of the vic-
tims convinced the board to
block his release.

Kyzer's most recent hear-
ing came in 2004, and it
caught the attention of King.

"We had to go through this
hearing, and that was sort of
the point where I asked, 'Why
are we having a parole hear-
ing when we have some huge
sentence imposed on him,'"
King said.

The reason was because,
unless it's clearly stated in the
judge's orders, an inmate
becomes eligible for parole in
Alabama after 10 years in

prison or a third of a prison
sentence has been served,
whichever is less.

And when the good time
rules are taken into account,
this can become even less. If a
state inmate behaves for 30
days, he or she receives 75
days of extra credit toward
their prisons sentence, said
attorney general aide Chris
Bence.

So now King has included a
proposed bill in the package
of laws that he'll try to get
passed this Legislative ses-
sion that will change this law.

Also being backed by
Tuscaloosa Police Chief Ken
Swindle, who said he's been
trying to get a similar law
passed for at least six years,
King's proposed law will make
the parole board take into
account whether the sen-
tences were ordered to be
served consecutively or con-
currently.

Concurrently means they all
are served at once. So, if a
criminal were sentenced to 10
years for a robbery and five
years each for drug posses-
sion and theft, he or she would
only serve 10 years, not 20.

Consecutive sentences,
though, are meant to make

those sentences run one after
another, in theory causing
this criminal to remain impris-
oned for the full two decades.

Alabama parole law,
though, doesn't consider how
the sentences are imposed,
meaning this inmate would be
eligible for parole after only
three years and four month,
no matter how the sentences
were handed down.

That's a problem, King said.

"People who have got multi-
ple, consecutive harsh penal-
ties, they're given consecutive
sentences because of the
nature of their crimes," King
said. "You have to assume
there's a reason they're doing
that and you're having them
run one after the other
because you want them to
stay in prison longer."

At the urging of Swindle,
the Tuscaloosa City Council
added this to a list of bills it
intends to present to the local
delegation of state senators
and representatives at a
luncheon on Wednesday.

In addition to this "truth in
sentencing" bill, as it's being
called, are the urging for a
Legislature vote allowing
Tuscaloosa residents the
right to vote for Sunday alco-

hol sales, a red light camera
bill and expansion of the city's
island annexation powers.

The City Council also is
expected to request the
Legislature fix the law regard-
ing enforcement of city park-
ing tickets, a matter it already
has brought to King's office
for guidance.

"We are at the will of the
Legislature," said City
Attorney Bob Ennis. "There's
always a very real concern
about the possibility of
adverse legislation all the
time."

It's unclear how many of the
city's 10 Legislative members
— seven in the state House,
three in the Senate — will
attend Wednesday's lunch
meeting, but the council
knows that a unified will aid in
getting any of its local bills
introduced.

The council is expected to
vote on a resolution that will
lay out its position on these
bills during its regular meet-
ing on Tuesday. The resolu-
tion then will be given to the
local Legislative delegation.

*Reach Jason Morton at
jason.morton@tuscaloosanews.
com or 205-722-0200.*



Exhibits "C"

690

Section 2.  All laws or parts of laws inconsistent herewith are hereby repealed to the extent of such inconsistency.

Section 3.  This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

S. 103—Pearson

Act No. 80-445

AN ACT

To provide that legislative appropriations to the University of Alabama in Birmingham and the University of South Alabama are for the unrestricted support of the activities of the University and therefore insurance companies are prohibited from applying or taking into account in any manner any portion of those appropriations in determining reimbursement for patient care activities.

*Be It Enacted by the Legislature of Alabama:*

Section 1.  Any appropriations made by the Legislature of Alabama to the University of Alabama in Birmingham and to the University of South Alabama shall be for the unrestricted support of the activities of the said University and therefore insurance companies, whether operated for profit or not for profit, licensed under the laws of the State of Alabama, whether acting on their own behalf or for others, are prohibited from applying or taking into account in any manner whatsoever, any portion of those appropriations in determining reimbursement for patient care activities.

Section 2.  This Act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

S. 107—Cook

Act No. 80-446

AN ACT

To establish the "Alabama Correctional Incentive Time Act"; to provide for earned deductions from penitentiary and hard labor sentences and to establish certain criteria therefor; to create classifications for measurement of such

691

deductions and eligibility therefor; to require minimum sentences prior to parole eligibility; to authorize the commissioner of the department of corrections to restore certain portions of such deductions lost; to authorize the commissioner to issue, promulgate and implement such rules and regulations necessary to implement the provisions of this act; to specifically repeal Sections 14-9-1, 14-9-2, 14-9-4, 14-9-20, 14-9-21, 14-9-22, 14-9-23, 14-9-24 and 14-9-25 of the Code of Alabama 1975, and all laws or parts of laws conflicting with this act; to make certain exemptions from the provisions of this act for those persons presently serving as inmates in the penitentiary or at hard labor and for those who are convicted for crimes committed prior to the effective date of this act, so as to provide that such prisoners shall earn deductions from sentences as presently provided by law; and to provide habitual offenders shall not be eligible for any deductions from sentences.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** This act shall be known as the "Alabama Correctional Incentive Time Act."

**Section 2.** Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this act may be entitled to earn a deduction from the term of his sentence as follows:

(1) Seventy-five days for each thirty days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each thirty days actually served while the prisoner is a Class II prisoner.

(3) Twenty days for each thirty days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is classified as a Class IV prisoner.

Within 90 days after the effective date of this act the commissioner of the department of corrections shall establish and publish in appropriate directives certain criteria not in conflict with this act for Class I, II, III, and IV prisoner classifications. Such classifications shall encompass consideration of the prisoner's behavior, discipline, work practices and job responsibilities.

Class I is set aside for those prisoners who are considered to be trustworthy in every respect and who, by virtue of their work habits, conduct and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who

Exhibit 1

## OFFENSE SEVERITY 0 – LOW RISK

| CODE | OFFENSE |
|------|---------|
| 13A-6-27 | Use of Pepper Spray, etc., in commission of a crime |
| 13A-7-2 | Criminal Trespass I |
| 13A-7-3 | Criminal Trespass II |
| 13A-7-4 | Criminal Trespass III |
| 13A-7-8 | Possession of Burglar's Tools |
| 13A-7-21 | Criminal Mischief I |
| 13A-7-22 | Criminal Mischief II |
| 13A-7-23 | Criminal Mischief III |
| 13A-7-25 | Criminal Tampering I |
| 13A-7-26 | Criminal Tampering II |
| 13A-7-27 | Criminal use of Noxious Substance |
| 13A-7-28 | Criminal Possession of Noxious Substance |
| 13A-7-29 | Criminal Littering |
| 13A-7-60 | Unlawful Possession of Real Estate |
| 13A-8-2 | Embezzlement |
| 13A-8-4 | Theft of Property II |
| 13A-8-5 | Theft of Property III |
| 13A-8-7 | Theft of Lost Property I |
| 13A-8-8 | Theft of Lost Property II |
| 13A-8-9 | Theft of Lost Property III |
| 13A-8-10.1 | Theft of Services I |
| 13A-8-10.2 | Theft of Services II |
| 13A-8-10.3 | Theft of Services III |
| 13A-8-11 | Unauthorized Use of Vehicle/General |
| 13A-8-18 | Receiving Stolen Property II |
| 13A-8-19 | Receiving Stolen Property III |
| 13A-8-20 | Bringing Stolen Property into State |
| 13A-8-21 | Bringing Into State Stolen Property Obtained by False Pretense |
| 13A-8-140 | Theft by Fraudulent Leasing > $100 |
| 13A-8-194 | Obstructing Justice using a False Identity |
| 13A-9-1 | Illegal Possession/Fraudulent Use-Credit Card |
| 13A-9-2 | Forgery I |
| 13A-9-3 | Forgery II |
| 13A-9-4 | Forgery III |
| 13A-9-5 | Criminal Possession of Forged Instrument I |
| 13A-9-6 | Criminal Possession of Forged Instrument II |
| 13A-9-7 | Criminal Possession of Forged Instrument III |
| 13A-9-9 | Criminal Possession of Forgery Device |
| 13A-9-10 | Criminal Simulation |
| 13A-9-11 | Obtaining Signature by Deception |
| 13A-9-13.1 | Negotiating Worthless Negotiable Instrument |
| 13A-9-15 | Reporting Credit Card Lost or Stolen |
| 13A-9-18 | Criminal Impersonation |
| 13A-9-51 | Misapplication of Property |
| 13A-9-75 | Charitable Fraud III |
| 13A-9-91 | Illegal Possession of Food Stamps < $100 |
| 13A-10-2 | Obstructing Government Operations |
| 13A-10-8 | Rendering a False Alarm |
| 13A-10-9 | False Reporting to Law Enforcement Authorities |
| 13A-10-10 | Impersonating a Public Servant |
| 13A-10-40 | Bail Jumping II |
| 13A-10-41 | Resisting Arrest |
| 13A-10-61 | Bribery of Public Servants |
| 13A-10-129 | Tampering w/Physical Evidence |

| | |
|---|---|
| 13A-10-130 | Interfering w/Judicial Proceedings |
| 13A-10-131 | Simulating Legal Process |
| 13A-11-7 | Disorderly Conduct |
| 13A-11-8 | Harassment/Harassing Communications |
| 13A-11-9 | Loitering |
| 13A-11-10 | Public Intoxication |
| 13A-11-11 | Falsely Reporting an Incident |
| 13A-11-31 | Criminal Eavesdropping |
| 13A-11-32 | Criminal Surveillance |
| 13A-11-50 | Carrying Concealed Weapon |
| 13A-11-64 | Altering/Possession Altered ID Mark Pistol |
| 13A-11-141 | Sports Bribery |
| 13A-11-142 | Receiving Sports Bribe |
| 13A-11-143 | Tampering with Sports Contest |
| 13A-11-181 | Violation of Twice Convict Felon Law |
| 13A-12-3 | Selling Cigarettes to Minors |
| 13A-12-4 | Keeping Cockpit/Cockfighting |
| 13A-12-21 | Simple Gambling |
| 13A-12-22 | Promoting Gambling |
| 13A-12-23 | Conspiracy to Promote Gambling |
| 13A-12-24 | Possession Gambling Records I |
| 13A-12-25 | Possession Gambling Records II |
| 13A-12-27 | Possession Gambling Device |
| 13A-12-53 | Owner Public House Permit Gambling |
| 214 | Buying, Receiving, Concealing Stolen Property (BRCSP) |
| 231 | Grand Larceny |
| 365 | Issuing Worthless Checks |
| 915F | Violation Securities Act of Alabama |
| 922M | Driving While Revoked/Suspended |

## OFFENSE SEVERITY 6 - HIGHEST RISK

CODE | OFFENSE
--- | ---
13A-6-2 | Murder*
13A-6-20 | Assault I*
13A-6-43 | Kidnapping I*
13A-6-61 | Rape I*
13A-6-62 | Rape II*
13A-6-63 | Sodomy I*
13A-6-65.1 | Sexual Torture
13A-6-66 | Sexual Abuse I*
13A-6-110 | Soliciting a Child by Computer
13A-6-111 | Transmitting Obscene Material to a Child by Computer
13A-6-130 | Domestic Violence I
13A-7-5 | Burglary I
13A-7-41 | Arson I
13A-8-41 | Robbery I*
10A-10-15 | Terrorist Threats
13A-10-31 | Escape I*
13A-10-153 | Soliciting or Providing Support for an Act of Terrorism
13A-11-3 | Riot
13A-11-4 | Inciting to Riot
26-15-3.1 | Aggravated Child Abuse
001 | Aggravated Murder
003 | Murder I
005 | Murder by Life Sentence Convict
025 | Assault w/Intent to Murder
027 | Assault w/Intent to Rob
028 | Assault w/Intent to Ravish
029 | Assault w/Intent to Commit Crime against Nature
082 | Child Molestation
254 | Robbery

*See Supplement

EXHIBIT "E"

§ 44

ter of
lative
cercise
as not
which
f state
50 Ala.

hed by
as and
e their
not be
x parte
2d 799

power
statutes
rry out
eas and
land in
repared
th such
housing
to carry
nt plan.
5 So. 2d

tion in
nination
is state,
matter
Colotti.

rity Act
ion nor
ngfully
ernor in
public
ngfully
public
th the
Knight
287 Ala.

wer. —
t of a
ating a
sioners,
end the
traffic
hereby
ie state
nlawful
. State
32 So.
la. 217
la. 287
So. 345
la. 150,
es. 142
ex rel.

Cited in Standard Oil Co. v. Limestone
County, 220 Ala. 231, 124 So. 523 (1929); Easley
v. State, 246 Ala. 359, 20 So. 2d 519 (1944); A.
Bertolla & Sons v. State, 247 Ala. 269, 24 So. 2d
23 (1945); Champion v. McLean, 266 Ala. 103, 95
So. 2d 82 (1957); Opinion of the Justices, 270 Ala.
42, 115 So. 2d 475 (1959).

Collateral references. — 16 C.
Constitutional Law, §§ 106-143.
16 Am. Jur. 2d, Constitutional Law,
§§ 227-258.

### Sec. 45. Style of laws; division of laws; laws restricted to one subject; amendment or revival of laws by title only.

The style of the laws of this state shall be: "Be it enacted by the legislature of Alabama," which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.

I. General Consideration.
II. Single Subject Clearly Expressed in Title.
   A. In General.
   B. Illustrative Cases.
      1. Acts Held Unconstitutional.
      2. Acts Held Constitutional.
III. Revival, Amendment or Extension.
   A. In General.
   B. Illustrative Cases.

### I. GENERAL CONSIDERATION.

**Cross reference.** — As to validation of invalid act by constitutional amendment, see note to § 284.

**Purposes of section.** — The purposes of this section are to prevent hodgepodge or logrolling legislation or surprise or fraud on the legislature by means of provisions of which the titles give no intimation, and to fairly apprise the people of the subjects of legislation being considered. Lindsay v. United States Sav. & Loan Co., 120 Ala. 156, 24 So. 171 (1898); State ex rel. Bassett v. Nelson, 210 Ala. 663, 98 So. 715 (1923); Board of Revenue & Rd. Comm'rs v. Puckett, 227 Ala. 374, 149 So. 850 (1933); In re Fite, 228 Ala. 4, 152 So. 246 (1933); Nelson v. Brown, 242 Ala. 515, 7 So. 2d 572 (1942); State ex rel. Harrington v. Randle, 250 Ala. 472, 35 So. 2d 84 (1948); Gayle v. Edwards, 261 Ala. 84, 72 So. 2d 848 (1954).

The object of the constitutional provision has been held to be threefold: first, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps, could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. State ex rel. Bozeman v. Hester, 260 Ala. 566, 72 So. 2d 61 (1954); Ex parte Rice, 265 Ala. 454, 92 So. 2d 16 (1957); Opinion of the Justices, 270 Ala. 38, 115 So. 2d 464 (1959); Bagby Elevator & Elec. Co. v. McBride, 292 Ala. 191, 291 So. 2d 306 (1974).

Its object is to prevent deception by including in a bill matter incongruous with the title and to prevent the misleading of the general assembly and the public by introducing matters foreign to each other. Ex parte Pollard, 40 Ala. 77 (1866); Key v. Jones, 52 Ala. 238 (1875); State ex rel. Earp v. McCary, 128 Ala. 139, 30 So. 641 (1901); City of Marion v. Underwood, 231 Ala. 225, 164 So. 296 (1935); Houston County Bd. of Revenue v. Poyner, 236 Ala. 384, 182 So. 455 (1938).

**Construction of section and section 106 of Constitution.** — While the requirements of this

199



391, 316 So. 2d 221 (1975); Ebony Club, Inc. v. State ex rel. Simpson, 294 Ala. 421, 318 So. 2d 282 (1975).

Collateral references. — 82 C.J.S., Statutes, § 206.

16 Am. Jur. 2d, Constitutional Law, §§ 219-258.

Construction and application of constitutional provisions against special or local laws regulating practice in courts of justice. 135 ALR. 365.

Workmen's Compensation Act as in violation of constitutional provision prohibiting special or local laws regulating practice in courts of justice. 135 ALR 383.

Constitutional provision prohibiting local or special legislation as applied to statutes relating to juries. 155 ALR 789.

## Sec. 106. Same—Publication or posting of notice of intent to apply therefor within county or counties affected prior to introduction of bill.

No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.

Amendment. — This section has been amended by Amendment No. 341.
I. General Consideration.
II. Notice.

### I. GENERAL CONSIDERATION.

Cross reference. — As to definition of general, local, special and private laws, see § 110.

Editor's note. — Some of the following cases were decided prior to the amendment of this section by Amendment No. 341.

The purpose of this section is the prevention of deception of those immediately affected by the local legislation to the end that they may have an opportunity to protest against the proposed enactment. Gray v. Johnson, 235 Ala. 405, 179 So. 221 (1938); Burns v. State, 246 Ala. 135, 19 So. 2d 450 (1944); Marion County v. Middleton, 246 Ala. 464, 21 So. 2d 312 (1945).

And the provision of this section is mandatory. State ex rel. Attorney Gen. v. Sayre, 142 Ala. 641, 39 So. 240 (1904); Larkin v. Simmons, 155 Ala. 273, 46 So. 451 (1908).

But it is not construed narrowly. — A narrow and literal construction would destroy all power of amendment in the legislative process,

so that the legislature would be required to accept, if at all, every local bill in the exact terms of its proposal. Not being inclined to hamper legislation unnecessarily, the Constitution was not intended to interfere with the right of the legislature to shape up and work out the details of local legislation. State ex rel. Van Deusen v. Williams, 143 Ala. 501, 39 So. 276 (1905); State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 So. 135 (1905); Mayor, etc., of City of Ensley v. Cohn, 149 Ala. 316, 42 So. 827 (1907); Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839 (1924); Houston County v. Covington, 233 Ala. 606, 172 So. 882 (1937); Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 179 So. 815 (1938); Opinion of the Justices, 249 Ala. 509, 31 So. 2d 717 (1947); Opinion of the Justices, 252 Ala. 361, 41 So. 2d 266 (1949).

This section is liberally interpreted so as to uphold rather than strike down an act where merely matters of form and detail, not affecting the spirit and purpose of the Constitution, are involved. Gray v. Johnson, 235 Ala. 405, 179 So. 221 (1938).