IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC ALLEN SMITH, #155509, * CIVIL ACTION NO. 2:07-CV-98 MEF
Plaintiff, [WO]
　　　　　　　　　　　　　　　　*

V.　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　*
RICHARD ALLEN, et al.,
Defendants.　　　　　　　　　　*

　　　　　　　　　　　　　　　　*

## OBJECTION TO THE MAGISTRATE RECOMMENDATION
## OF DENYING CLASS CERTIFICATION

This is a written objection to the Magistrate recommendation handed down on April 16, 2007, recommending that plaintiff's Cedric Allen Smith's motion to certify as class action be denied. Plaintiff humbly asserts the following:

### JURISDICTION

This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 1343.

### CLASS CERTIFICATION IS WARRANTED

A putative class representative seeking class certification must satisfy the four requirements of rule 23(a), and must also demonstrate that the action is maintainable under one of the three categories set forth in rule 23(b). Barnes v. American Tobacco Co, 161 F 3d 127, 140 (3rd Cir. 1998) (citation omitted), Cert denied, 526 U.S. 1114 (1999).

**RULE 23 (a) provides:**

(1)　　　　　　　　　　　　　　　　　　　　(CON'D)

One or members of a class may sue or be sued as represenatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable: Plaintiff asserts that, to meet the impracticability requirement, joinder of every class member need not be impossible; instead, "difficulty or inconvenience of joining all members of the class" will suffice Harris v. Palm Springs Alpine Estate Inc., 329 F2d 909, 913-14 (9th Cir. 1964) (citation omitted). Plaintiff asserts that, Alabama Department of Corrections has over 20 facilities that house nearly 30 thousand inmates, over 40% of these inmates have over 20 years. Further, the majority of the inmates do not receive incentive good time. (estimation from the commissioner of the ADOC). Plaintiff asserts that, all these inmate are similiar situated as plaintiff and the first 5 inmates that filed the initial complaint, and adjudication on these complaints will save the courts resources and will have same adverse effect on all prisoners similiar situated and those to come in the future.

## Rule 23 (a) (2) Provides:

There are questions of law or fact common to the class. Plaintiff asserts that the commonality requirement will be satisfied if the named plaintiffs share at least one fact or law with the grievances of the prospective class "Baby Neal v. Casey, 43 F. 3d 48, 56 (citations omitted). Plaintiff asserts that, in 1984, the court ruled in Hilsabeck, that because the state "has an interest in closely supervising and controlling the parole or early release of serious offenders," there was a rational basis for "treat[ing] persons sentenced to 10 years or longer... differently [from] those sentenced to lesser terms". 477 so 2d at 471. See also Thornton v. Hunt, 852 F. 2d 526, 527 (11th Cir. 1988) (Wherein the court held that denial of good time to prisoners sentenced to more than 10 tears "[wa]s rationally related to the legitimate purpose of preventing the early release of serious offenders"). In 1991, the eligibilty to earn incentive good time was amended from 10 years to 15 years making the very prisoners that the court ruled could not receive beneficial treatment eligible to receive beneficial treatment. The court went on to rule in "Brooks v State, 622 So 2d 447 (Ala. Cr. App. 1993), "We can discern no legitimate reason for this different in treatment.

(2)

(Con't

The discrimination cannot be justified on the basis of the **severity** of the sentence imposed or the **seriousness** of the crime committed. See Frazier v. Manson, 703 F. 2d 30 (2nd Cir.), cert. denied, 464 U.S. 934, 104 S. Ct. 339, 78 L. Ed. 2d 308 (1983) (statute that increase good time for inmates sentenced after October 1, 1976, discriminates against prisoners sentenced before that date and cannot be upheld in absence of rational basis for difference in treatment).

**Rule 23(a)(3) provides:**

The third requirement of rule 23(a) is satisfied if "the claims or defense of the represenative parties are typical of the claims or defenses of the class...."Fed. R. Civ. P. 23(a)(3). This concept of typicality "is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interest will be fairly represented. Baby Neal, 43 F.3d at 57 (citations omitted). Actions which seeks injunctive and declaratory relief on behalf of representative plaintiffs and potential class members "usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." Id. at 58 (citation omitted).....Plaintiff asserts that, the same unlawful conduct which affects both him, and the named and unamed plaintiffs because all claims are based on the same legal theory. These claims stemmed soley from the defendants "course of conduct in denying every prisoner who were sentenced to over 15 years (especially when the court ruled that raising the eligibilty for good time from 10 years to 15 years had no rational purpose and denied the prisoners who were sentenced to over 10 years equal protection of the law because they were similiar situated before the raise in eligibility.) the right to incentive time credits as afforded by the 80-446 law, codified as § 14-9-41 (a-d). Plaintiff further asserts that ruling in his favor, will also protect future prisoners that have not been subjected to such invidious discriminatory actions by the defendants.

**Rule 23(a)(4) Provides:**

(3)

(con'd)

The fourth requirement of rule 23(a) is satisfied if "the representative parties will fairly and adequately protect the interest of the class. "Fed. R. Civ. P. 23(a)(4). The following two-prong test determines whether the representation has been adequate: "(A) The plaintiff asserts that he is infact better situated to represent the class because he has been at one time or another, to work release, honor camps, parole. All these positions warranted incentive time deductions in their respective class. But the plaintiff asserts that he was and still is being catergorically denied incentive time deductions because he has over 15 years. "(B) Plaintiffs further asserts that, he is on the down side of his 20 sentence, and theres nothing can be done to oppose the party, plaintiff interest do not diverge from those of the potential class members since all prisoners that are similiar situated are seeking the same injunctive and declaratory relief.

### REQUIREMENT TO RULE 23(b)(2)

A class action may be maintained under Rule 23(b)(2) when "the party opposing the class (ADOC) has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). This rule was "design specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of person. "Baby Neal, 43 F. 3d at 59 (quoting 1 H. Newberg & A. Conte, Newberg On Class Actions § 4-11, at 4-39 (1992)). Rule 23(b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief. "Baby Neal, 43 F. 3d at 58 (citing Weiss, 745 F 2d at 811); see also Austin v. Hopper, 15 F. Supp. 2d 1210, 1229 (M.D. Ala. 1998) (stating that "class certification under rule 23(b)(2) is particulary appropriate in the prison litigation context where only injunctive and declaratory relief are sought"). It should be also noted that in rule 23(b)(2) class action, "unnamed members are bound by the action without the opportunity to opt out. "See footnote 11 Barnes, 161 F 3d at 142-43. Plaintiff(s) are seeking injunctive and declaratory relief in this civil rights case where the department of corrections alleged past general policy of denying all prisoners with over 15 years incentive time deductions after this

illegal practice was condemed in <u>Brooks v. State 622 so 2d at 449</u>. in "Brooks supra", the court ruled that:

> "While it is clear, in the present case, that the legislature need not have granted retroactive good time to any prisoners, the fact that it granted those benefits to some but not all prisoners similarly situated implicates the <u>equal protection Clause.</u>

Class certification is bound to be warranted.

### CERTIFICATE OF SERVICE

I do hereby certify that on this 24th day of April 2007, I have a copy of the foregoing **OBJECTION TO THE MAGISTRATE RECOMMENDATION OF DENYING CLASS CERTIFICATION**, by placing an exact copy of same within the Internal Inmate Mailing System, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Al. 26503-3800 (United States Mail), postage pre-paid First-Class and properly addressed as follows:

District Court of the United States
For The Middle District of Alabama
Northern District
P.O. Box 711
Montgomery, al. 36101-0711

*Cedric Allen Smith*
CEDRIC SMITH