IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC ALLEN SMITH, #155509,    *
 Plaintiff/Appellant,    *
              *
              *
VS.               * Civil Action No.
              * 2:07-CV-98-MEF
              *
HON. RICHARD FRANK ALLEN, et al.,    *
 Defendant(s)/Appellee(s).    *

**PLAINTIFF'S MOTION FOR RECONSIDERATION
AND/OR IN THE ALTERNATIVE
ALTER, AMEND, MODIFY AND /OR VACATE
THE COURT'S SUMMARY DENIAL OF THE PLAINTIFF'S
APPLICATION FOR PRELIMINARY INJUNCTION**

**COMES NOW,** Cedric Allen Smith, the Plaintiff, pro se, pursuant to the Federal Rules Of Civil Procedure (Fed. R. Civ. P), Rule 65, does hereby file, for this Court to reconsider, alter, amend, modify and/or vacate, this Court's, April 12, 2007, denial of the Plaintiff's, Application For Preliminary Injunction, as filed, on April 11, 2007 within the jurisdiction of this cause, as document number Twenty-nine (#29), for ground(s) as hereby follow:

 1. Each prisoner incarcerated within the Alabama Department Of Corrections, in which is similarly situated, as the Plaintiff is being worked in involuntary servitude, in violation of the Thirteenth (13th) Amendment, as guaranteed and secured, under the governing provision(s) of the United State Constitution, each and every day without receiving any deduction(s), from their

sentence.

    2. The Plaintiff(s), also argues, that this Court's, April 12, 2007, denial of the Plaintiff's, Application For Preliminary Injunction without conducting a hearing, the Plaintiff's, Application/Motion For Preliminary Injunction, as filed was contrary, pursuant to Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65.

    3. In violation of the Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 52(a), **Effect**, which states, in pertinent part, as follows;

**"In all action(s) tried upon the fact(s) without a jury or with an advisory jury, the court shall find the fact(s) specifically and state separately its conclusion(s) of law thereon, and judgment shall be pursuant to Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 58; and in granting or refusing interlocutory injunction(s) the court shall similarly set for the finding(s) are not necessary for purposes of review.  Findings of fact(s), whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.  The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court.  It will be sufficient if the findings of fact(s) and conclusion(s) of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.  Findings of fact(s) and conclusion(s) of law are unnecessary on decision(s) of motions under Rule 12 or 56 or any other motion except, as provided in subdivision (c) of this Rule.**

The Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 58, **Entry Of Judgment, (a) Separate Document,** (1), states in pertinent part, as hereby follow:

**"Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of a motion."**

2

The Plaintiff(s), argues that, the Honorable Court of this instant said cause of action abused its discretion, on April 12, 2007, when summarily denying without making a independent specific factual finding of fact(s), addressing each of the Four (4) mandates, thereby required to issue a Preliminary Injunction denies him of Due Process Of Law, as guaranteed and secured, under the governing provision(s) of the Fourteenth (14th) Amendment of the United States Constitution.  Where the magistrate or trial judge has not entered finding(s) of fact(s) and conclusion(s) on the element(s), regarding the written content(s) of the injunction, prior solution is to remand so that finding(s) and conclusion(s) may be entered to give the Court Of Appeals basis for reviews.  Although existence of the finding(s) is not a jurisdictional requirement, the Court Of Appeals will review an injunction's decision, in their absence only when the record is exceptionally clear and remand would serve no useful purpose. Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 52(a), 28 U.S.C.A., **White v. Carlucci**, 862 F.2d 1209 (5th Cir. 1989).

4. The Plaintiff, also asserts, pursuant to the Title 28 U.S.C. §2284, that the Application For Preliminary Injunction, as filed within this said instant said cause of action hereby be convened, by a Three (3)-Judge District Court Panel.

Under former 28 USCS § 2284(5) [now § 2284(b)(3)], if in fact substantial constitutional question has been presented, single trial judge has no authority to dismiss case. Hartmann v. Scott, (1973, CA8 Minn.) 488 F.2d

3

1215.

5. The Plaintiff(s), further argues, that he within the written Application For Preliminary Injunction, as filed within the lawful jurisdiction of this Court, on April 12, 2007 met all Four (4) of the prerequisites to issue a Preliminary Injunction to include meeting the showing of irreparable harm, and thus, as a matter of law, Preliminary Injunction, as sought, after, in this regards should have been granted, as a matter of law. The granting or denial of a Preliminary Injunction is in the sound discretion of the trial court, however, when it is apparent that an applicant has met all Four (4) mandates, in which are required, as a prerequisite to issue a Preliminary Injunction, then a denial of such request is a clear abuse of that Court's sound discretion that warrants appellate review.

The Four (4) mandated prerequisites, in which are required of the Plaintiff to meet prior to the issuing of a Preliminary Injunction, pursuant to the Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65(b) was met, as presented in such original Application For Temporary Restraining Order And/Or In The Alternative Application For Preliminary Injunction, as filed within the lawful jurisdiction of this Court, on April 11, 2007, and subsequently denied, on April 12, 2007. Such Four (4) mandated prerequisites, in which are required of the Plaintiff to meet prior to the issuing of a Preliminary Injunction, pursuant to the Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65(b) are as hereby follow:

## I.

### **The Plaintiff Is Threatened With Irreparable Harm And Injury**

The Plaintiff(s), argues that, the magistrate did not address any of the merits, as presented within the written content(s) of the Plaintiff's, Application For Temporary Restraining Order And/Or In The Alternative, Application For Preliminary Injunction, as filed, on April 11, 2007, and subsequently denied, on April 12, 2007. The Plaintiff(s) would have the Court accept them, as satisfied and order the injunction to issue if it finds irreparable injury was either established or need not be.

    1. The Plaintiff(s), feel, as well, as other inmate(s) similarly situated are in deed being denied Equal Protection(s) Of The Law.

    2. The Plaintiff(s) are being forced to work, in they refuse, they will be placed within inmate disciplinary segregations and receive inmate disciplinary infraction(s), and thus, as a subsequent result, be possibly transferred to a maximum security level institution.

The State Of Alabama, asserts that, Acts No. 690, 1980, became law through its incorporation in the 1982 Cumulative Supplement, Volume Twelve (#12) to the **Code Of Alabama**, 1975, as amended, Title 14-9-41, as a part of the 1982 Replacement Volume Twelve (12). The State Of Alabama, asserts, that this incorporation, thereby occurred, through, Act No. 690, in which provides in pertinent part;

"**Section I. 1982 Cumulative Supplement to the Code Of Alabama, 1975, containing all general and permanent classified municipal law(s) of the State adopted, by the legislature, during the Regular Session, as prepared, by the Alabama Code Commissioner is hereby adopted and incorporated into the Code Of Alabama, 1975.**

It is clear that the incorporation act applies only to the general and permanent law(s). Act No. 690, never became a law, and thus, could not be the subject of statutory codification.

Act No. 690, 1980 was codified to the **Code Of Alabama**, 1975, as amended, Title 14-9-41, sub-section (e), in which, such Act did not go through the mandated procedures, which is an unwarranted judicial encroachment on constitutional revision, a matter which is reserved exclusively to the legislature and the people of the State. To allow statutory codification (sub-section (e)), the **Code Of Alabama**, 1975, as amended, Title 14-9-41, Act No. 690, 1980) control over constitutional provision is a clear unwarranted alteration of the meaning, thus overriding the power of the Governor. Which upsets the balance and Separation Of Powers among the independent branches of our government by allowing legislature this power.

Act No. 690, codification, pursuant to the **Code OfAlabama**, 1975, as amended, Title 14-9-41, sub-section (e) is arbitrary and invidious and serves no penological reason. **Brooks v. State**, 622 So.2d 447, **Moore v. Missouri**, 159 U.S. 673, 40 L.Ed 301 (1895); **McLaughlin v. Florida**, 379 U.S. at 191 85 S.Ct. 288. Log rolling legislature has no rationale, for the general public, for such log rolling serves special interest in which is unconstitutional.

6

The Defendant(s) defied, a ruling which was decided in **Brooks v. State**, 622 So.2d 447, Judge Bowen. Which clearly identified that the length and seriousness of a sentence was not a rational basis, for denying a prisoner, from earning a time deduction and it served no penological reason. The Defendant(s), never removed the other sub-section(s), such as subsection (e), which entails, the same purpose of but used different wording.

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED**, the Plaintiff, pro se, prays, as a matter of law, for this Honorable Court to properly reconsider, this instant said cause of action, as filed within the lawful jurisdiction of this Court, and subsequently, grant this **Motion For Reconsideration, Alter, Amend, Vacate And/or Set Aside Summary Denial Of The Plaintiff's Application For Preliminary Injunction,** as hereby filed, along with any and equitable relief, in which, this Court deems appropriate, necessary and proper, theretofore.

**DONE ON THIS 24TH DAY OF APRIL**, 2007.

Respectfully Submitted,

*/s/ Cedric Allen Smith*
Cedric Allen Smith, #155509,
**Plaintiff/Appellant, pro se,**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 2<s>4</s>th day of April, 2007, I have served a copy of the foregoing **PLAINTIFF'S MOTION TO RECONSIDER, ALTER, AMEND, VACATE AND/OR SET ASIDE SUMMARY DENIAL OF PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION,** by placing an exact copy of same within the Internal Inmate Mailing System, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama 36503-3800 (United States Mail), postage pre-paid First-Class and properly addressed, as hereby, follows:

Honorable Troy King
Attorney General
State Of Alabama
11 South Union Street
Montgomery, Alabama 36130

Honorable Richard Frank Allen
Commissioner
Alabama Department Of Corrections
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501

Respectfully Submitted,

*Cedric Allen Smith*
Cedric Allen Smith, #155509,
G.K. Fountain Correctional Center
Fountain 3800
Atmore, Alabama 36503-3800

8